Thomas Hamilton, Respondent, v. The Third Avenue Rail-
road Company, Appellant.

Exemplary damages are not allowed in a case where there has been no
intentional offence committed, but where defendant has only done what
he honestly believed to be his duty.

Plaintiff paid his fare upon one of defendant's cars. The car stopping
for some reason, he was transferred to another car. Upon his refusal to
repay his fare he was ejected by the conductor, who honestly supposed
that the fare had not been paid. No unnecessary force was used, and
plaintiff sustained no material injury. *Held*, that the act of defendant's
servant, although in good faith, yet being unlawful, rendered it liable for
compensatory damages, including compensation for loss of time, the fare
upon another car, and a suitable recompense for the injury done to plain-
tiff's feelings; but that exemplary damages were not proper, and that a
charge of the judge authorizing such damages was error.

(Argued May 8, 1873; decided May 20, 1873.)

Appeal from judgment of the General Term of the Superior
Court of the city of New York, affirming a judgment in favor
of plaintiff, entered upon a verdict.

This action was brought to recover damages for an alleged
unlawful ejection of plaintiff from one of defendant's cars.
The facts are sufficiently stated in the opinion.

*Clarkson N. Potter* for the appellant. The court erred in
charging that plaintiff could recover exemplary damages for
his "pain and anguish of body and mind." (*Curtis* v. *Roch.,*
etc., *R. R. Co.*, 18 N. Y., 542.) Plaintiff was not entitled to
recover exemplary damages for the act of defendant's servant.
(*The Amiable Nancy*, 3 Wheat., 261; *Phila. R. Co.* v. *Quig-
ley*, 21 How. [U. S.], 214; *Hagan* v. *Prov., etc., R. R. Co.,*
3 R. I., 188; *R. R. Co.* v. *Finney*, 10 Wis., 388; *Ackerson*
v. *Erie Co.*, 32 N. J., 254; *Porter* v. *Same*, id.; *McKeon* v.
*City R. R. Co.*, 42 Miss., 79; *Louisville, etc., Co.* v. *Smith*,
2 Duval, 556; *Kentucky R. R. Co.* v. *Bull*, 4 Bush., 593;
*Keen* v. *Lizardie*, 8 Louis. R., 26; *Hill* v. *Opelousas, etc., R.
R. Co.*, 11 Louis. Ann., 292; *Detroit Post Co.* v. *McCollum*,
16 Mich., 447; *G. W.* v. *Miller*, 19 id., 315; *Moody* v.

*McDonald*, 4 Cal., 297; *Wardrobe* v. *Stage Co.*, 7 id., 158; *Turner* v. *N. B. R. R. Co.*, 34 id., 594; *De Lawraus* v. *Pacific R. R. Co.*, 15 Minn., 49.)

*George, the Count Joannes*, for the respondent. Plaintiff was entitled to exemplary damages. (Sedg. on Dam., chap. 1, p. 36; Sedg. on Corp., 18, p. 478; *Graham* v. *Roder*, 5 Tex., 141; *Austin* v. *Wilson*, 4 Cush., 273; *Vicksburgh R. R. Co.*, 31 Miss., 156; *King* v. *Root*, 4 Wend., 113–139; *Leland* v. *Stone*, 10 Mass., 459; *Weld* v. *Bartlett*, 10 id., 470, 473; *Stone* v. *Codman*, 15 Pick., 297; *Larned* v. *Buffington*, 3 Mass., 546; *Richards* v. *Farnham*, 13 Pick., 451; *Hawkins* v. *Riley*, 17 B. Monr. [Ky.], 101; *Fleet* v. *Hollenkemp*, 13 id., 219; *Kountz* v. *Brown*, 16 id., 577; *Hair* v. *Little*, 28 Ala., 236; *Roberts* v. *Heim*, 27 id., 678; *Porter* v. *Seiler*, 23 Penn. St., 424; *Robinson* v. *Rupert*, id., 523; *Grant* v. *McDonogh*, 7 La. Ann., 447; *Cook* v. *Garza*, 9 Tex., 378; *Graham* v. *Roder*, 5 id., 141; *Cole* v. *Tucker*, 6 id., 266; *Murphy* v. *Crain*, 12 id., 297; *Birchard* v. *Booth*, 4 Wis., 67; *McCoy* v. *Danley*, 20 Penn. St., 85; *Clark* v. *Bales*, 15 Barb. [Ark.], 452; *McWilliams* v. *Bragg*, 3 Wis., 424; *Hill* v. *N. O., Opelousas and G. W. R. Co.*, La. Ann., 292; *Sherman* v. *Dutch*, 16 Ill., 283; *Wolff* v. *Cohen*, 8 Rich. [S. C.] L., 144; *Milburn* v. *Beach*, 14 Mo., 104; *Sutton* v. *Mandeville*, 1 Cr. C. C. R., 187; *Bradley* v. *Morris*, Busbee's [N. C.], 395; *Bell* v. *Brownson*, 27 Miss., 68; *Smith* v. *Eakin*, 2 Sneed's [Tenn.], 456; *Walker* v. *Borland*, 21 Mo., 289; *Phelim* v. *Kenderline*, 20 Penn. St., 354; *McAfee* v. *Crofford*, 13 How., 447; *Day* v. *Woodworth*, id., 363; *Seymour* v. *McKormick*, 16 id., 480; *Fry* v. *Bennett*, 1 Abbott's Pr. R., 289; S. C., 4 Duer, 247; *Tillotson* v. *Cheetham*, 3 Johns., 56; *Hoyt* v. *Gelston*, 13 id., 141; *Wory* v. *Jenkins*, 14 id., 352; *Woodward* v. *Paine*, 15 id., 494; *Root* v. *Ring*, 4 Wend., 113; *Fero* v. *Ruscol*, 4 Comst., 162; *Allen* v. *Addington*, 11 Wend., 380; S. C., 7 id., 26, 199, 12 id., 215; *Dain* v. *Wycoff*, 3 Seld., 191; *Taylor* v. *Church*, 4 id., 452; *Bush* v. *Prosser*, 1 Kern., 356; S. C., below, 1 E. D.

Smith's C. P. R., 292; *Hicks* v. *Foster*, 13 Barb., 663; *Knight* v. *Wilcox*, 16 id., 212; *Kendall* v. *Stone*, 1 Seld., 18; *Bird* v. *The W. and M. R. R. Co.*, 8 Rich. [S. C.] E., 46.)

GROVER, J.   Questions of law only can be reviewed by this court in the present case.   Other questions are not reviewable here upon the appeal from the order denying a new trial.   The Special Term upon the motion, and the General Term upon the appeal from its order, had the power, and it was the duty of each to examine and determine whether the verdict was against the weight of evidence and the justice of the case, and if of opinion that it was to set it aside and order a new trial.   The further duty was incumbent upon them to examine whether upon the trial the defendant sustained any injury from the jury having been misled by any improper remarks of the judge during the trial which were not excepted to or not the proper subject of an exception.   But this court has no such power.   We can only examine the questions of law arising upon the exceptions taken during the trial.

The injury complained of by the plaintiff was his forcible ejection from a car of the defendant by the conductor for his refusal to pay fare demanded from him, to pay which he claimed he was not liable for the reason that he had taken passage upon another car of the defendant and paid the entire fare required to entitle him to a through passage to the city hall, from which at an intermediate point he was transferred to the one in question by its conductor for the reason that that one for some cause stopped at such point and was not going through.   It was not claimed by the plaintiff that any unnecessary force was used in putting him off the car, or that he sustained any material injury therefrom.   The liability of the defendant for the act of the conductor is conceded by the counsel for the appellant.   It was an act done within the scope of his authority from the defendant in the prosecution of its business intrusted to him, and if unlawful the defendant was liable therefor, although

the conductor acted in good faith, believing that the plaintiff had no right to a passage unless he paid the fare demanded from him. A master is civilly liable for all acts done by his servant in the prosecution of the business of the master intrusted to him. (*Higgins* v. *The Watervliet Turnpike, &c., Co.,* 46 N. Y., 23.) It follows that if the plaintiff was entitled to a passage on the car in question without the payment of any additional fare his ejection therefrom was unlawful, and gave him the right to recover from the defendant the damages thereby sustained, irrespective of the motives of the conductor in putting him off. This right would not be impaired by showing that the conductor acted in good faith in the honest belief that the plaintiff had no such right, and that he was acting in the strict performance of his duty to the defendant. The act, nevertheless, was unlawful, and being so the plaintiff had a right to compensatory damages therefor. These included not only compensation for the loss of time and the amount the plaintiff was obliged to pay for passage upon another car, but in addition thereto the injury done to his feelings might be taken into consideration by the jury and a suitable recompense given therefor. But the judge charged the jury that they might go further, and in addition to this give exemplary damages. To this an exception was taken by the defendant. From the charge it is clear what was intended by exemplary damages. That it was something beyond actual compensation to the plaintiff to be awarded upon public considerations as a punishment of the defendant for the wrong in the particular case, and for the protection of the public against the repetition of similar acts. Damages so given are termed exemplary, punitory and vindictive, each meaning the same thing; that is, something in addition to full compensation, and something not given as his due but for the protection of the public. In this State the law may be regarded as settled, that for the prevention of fraud, malice or oppression, the jury may give such damages in actions *ex delicto* as a punishment of the defendant and admonition to others. (Sedgwick on Damages, 5th ed., 517–534.)

The charge that such damages might be given in the present case presents two questions: First. Was the evidence such as to warrant such damages? If so, Second, Is a master liable to such damages for the wanton, malicious or outrageous conduct of his servant in which he has had no participation, of which at the time he had no knowledge or reason to apprehend, and to which he has given no sanction? It is obvious that no distinction can be made in respect to this liability, whether the master be a natural or artificial person. It will be proper to consider and determine, first, whether this was a case warranting exemplary damages; because, if not, the question as to the liability of the defendant therefor will not arise. The first inquiry is as to the facts of the case. For this purpose we need only look to the statement found in the charge upon which the jury were instructed that they were at liberty to give punitory damages. The judge says: "You have got to assume from the nature of the case that this conductor deemed himself in the line of the performance of his duty, and because it was not his duty, although it was in the line of his duty, because he was not justified from the fact that the man had paid his fare, is the whole point on which the plaintiff can recover exemplary damages;" and then proceeds to state in substance, that under these facts the amount of such damages should not be excessive. The meaning of the judge and the impression given to the jury is clear. It was, that although the conductor was ignorant that the plaintiff had paid his fare upon the other car, thereby entitling him to a passage upon the one in his charge without any further payment, and honestly believing that it was his duty to collect the usual fare, and upon the refusal of the plaintiff to pay it to put him off the car, using no unnecessary force, inflicting no particular injury, in as quiet a manner as possible, still it was a case in which the jury were at liberty to give exemplary damages. It has been seen that such damages are not given as compensation to the plaintiff. He is otherwise fully compensated. He has had complete justice done him already. The object

of such damages is to punish the defendant and to restrain him and others from doing the like acts in future. But when there has been no intentional offence committed, when a party has only done what he honestly believed to be his duty, punishment is not deserved. There is no occasion for an example, for none is necessary. It is only to cases of moral wrong, recklessness or malice that this public consideration applies. In such cases the law uses the suit of a private party as an instrument of public protection, not for the sake of the suitor but for that of the public. It is not the form of the action that gives the right to the jury to give punitory damages, but the moral culpability of the defendant. True, when a party unintentionally violates the legal rights of another he is civilly liable for all the damages resulting from the injury but nothing more. It was upon this principle that it was provided by the Revised Statutes that a tender might be made where a trespass was casual and involuntary. This view is fully sustained by authority. (See Sedgwick on Damages, *supra*, and cases cited.)

I have carefully examined the testimony to see whether this error of the judge could be obviated. If the evidence proved that the conductor knew at the time he ejected the plaintiff from the car that he was entitled to a passage from having paid therefor upon the other, and that consequently he had no right to eject him, a case for exemplary damages against him would have been established. But it does not, and therefore no case for exemplary damages, had the action been against the conductor, was established, and if not against him clearly not against the master. This renders it unnecessary to determine whether in case the conductor had done the act arbitrarily or maliciously, his master would have been liable to punitory damages therefor, as the judgment must be reversed irrespective of that question. That question will be determined seasonably when necessary to a disposition of the case.

All concur.

Judgment reversed and new trial granted.