# NEW YORK SUPERIOR COURT.

## Thomas Hamilton agt. The Third Avenue R. R. Co.

*Verdict set aside and new trial granted on the ground of excessive damages.*

Where the evidence of the plaintiff, on the trial, showed that he was a passenger on the car of defendant's horse railroad; that the plaintiff was hauled out of the car, on to the front platform, by the conductor; that the plaintiff held on to the handrail while the conductor pushed him; that the car started; that he was on the lower step of it, when the conductor pinched his hand, and he had to let go and get off:

*Held,* that on the present trial the court charged the jury in accordance with the rule of damages indicated by the court of appeals, which granted a new trial therein (53 *N. Y.,* 25) because the court had charged the jury that they might give exemplary damages (and the jury gave $500 damages), and it was held that the plaintiff had a right to compensatory damages only, including not only compensation for the loss of time and the amount the plaintiff had to pay for his passage upon another car, but, in addition thereto, the injury done to his feelings might be taken into consideration by the jury, and a suitable recompense given therefor.

The damages awarded on the last trial are three times what they were on the previous trial, and that, also, under instructions from the court that they must be purely compensatory, in accordance with the views expressed by the court of appeals upon granting a new trial in this action. The amount appears to be excessive, and the verdict should be set aside and a new trial granted, on payment of costs of the last trial and of opposing this motion.

*Special Term, October,* 1874.

The defendant moves, upon a case and exceptions at the special term, that the verdict rendered at the last trial of this action be set aside, and a new trial granted.

*Clarkson N. Potter,* for defendant.

*Count Joannas,* for plaintiff.

CURTIS, *J.*— The defendant claims that the verdict should be set aside, upon exceptions to portions of the charge and refusals to direct special findings, and to charge as requested. There were two exceptions to portions of the charge. Considering the charge as a whole, and looking at the evidence, the parts of the charge excepted to do not appear to be unfair or calculated to mislead the jury. Nor do the exceptions to the refusals to charge afford any just reason for ordering a new trial. The exception to the refusal of the judge to direct special findings by the jury cannot be sustained. Section 261 of the Code leaves that direction to the discretion of the judge before whom the action is being tried; and the case fails to show any error on the part of the judge, or any unreasonableness in the exercise of that discretion.

The defendant also seeks a new trial on the ground that the evidence was insufficient to warrant the verdict, and that the verdict was against the weight of evidence. If the jury believed the evidence of the plaintiff, it is sufficient to entitle him to recover. The action has been twice tried, and on each occasion, after seeing and hearing all the witnesses, the jury have found for the plaintiff. It was their duty to determine the questions of fact in dispute. The court placed it before them, and charged that if they believed that the plaintiff's story was "made up, as it may have been, out of whole cloth, if it is not true," that they should find a verdict for the defendant. The testimony on the part of the defendant tended strongly to show that the plaintiff could not have been upon the cars that were numbered, as he testified those were upon which he was a passenger, and yet, upon a careful consideration of this testimony, it is apparent that the employes of the defendant based their evidence upon what was the time-table of the defendant at the date of the occurrence complained of, and upon what was the general custom and mode of the defendant at that period in transacting its business, rather than upon any actual and personal knowledge and recollection. The case is, not one where the verdict should be

set aside as against the weight of evidence, or by reason of the insufficiency of the evidence.

There is more difficulty in disposing of the defendant's claim, that the verdict should be set aside because the damages were excessive. On a former trial of this action, there was a verdict for the plaintiff for $500. A new trial was granted (53 *N. Y.*, 25), because the court had charged the jury that they might give exemplary damages; and it was held that the plaintiff had a right to compensatory damages only, including not only compensation for the loss of time and the amount the plaintiff had to pay for his passage upon another car, but, in addition thereto, the injury done to his feelings might be taken into consideration by the jury, and a suitable recompense given therefor. There was the same evidence on this trial as on the former — that the plaintiff was hauled out of the car, on to the front platform, by the conductor; that the plaintiff held on to the handrail while the conductor pushed him; that the car started; that he was on the lower step of it, when the conductor pinched his hand, and he had to let go and get off.

On the present trial, the court charged in accordance with the rule of damages indicated by the court of appeals, limiting them, in case they found for the plaintiff, to compensation for his loss of time and additional fare, and also to compensation for no other injury than such injury as his feelings sustained. The injury to his feelings must have been purely a matter of mental emotion, for which compensation is to be rendered in proportion as they are uncomfortable or painful. All compensation for bodily pain and exposure — if any such there was in the way in which he testifies he was removed from the body of the car, forced down the steps of the front platform while it was in motion, and persuaded to let go the handrail — was carefully excluded from the consideration of the jury by the court.

The damages were, in effect, limited to compensation for the injury to the plaintiff's feelings, as the loss of time and

the additional fare paid by the plaintiff were trivial. Men differ very much in their liability and capacity to suffer from injured feelings. There is no standard of human sensitiveness, and no mean temperature of human emotions, and no settled tariff of compensation when they suffer this class of pain. In the administration of justice, some kind of approximation to what is compensation for this species of suffering is aimed at, yet it is not easy to define it; but it is certain that juries, sometimes moved by the appeals of counsel, and sometimes, perhaps, by prejudice or sympathy, have, in such cases, rendered verdicts that have been excessive.

The plaintiff testified that he felt that every person on the sidewalk was looking at him, and thinking he was put off as a thief or a pickpocket, or something or other; that he could not tell what to think; that he was sadly disappointed about it, and that the like never happened to him before. Another man, of a different temperament, might have regarded the whole occurrence, and that the people around thought he was a pickpocket or a thief, with utter indifference. Still, as human nature is at present constituted, most men, when forcibly ejected from a railroad car on which they have a right to be transported, or kicked or otherwies subjected to personal ill treatment or degradation, especially in the presence of spectators, are liable to have their feelings injured, and the law awards them compensation. If the law did not give them compensation, and a just compensation, for this class of wrongs, society would suffer in proportion as human violence and human passions, by this omission, were let loose and invoked to resist or avenge the injuries.

Considering the facts as they must have been found by the jury in this case, and the surrounding circumstances, and the parties themselves, I am inclined to think that the jury have awarded damages that are excessive. It is not difficult to see that they may very readily have done so. Swayed by the sympathies or the prejudices called forth upon a trial, men will sometimes render a verdict for an amount of damage in

excess of what might be expected from the exercise of a cool and deliberate well considered judgment, and which it would be unjust to sustain.

The damages awarded on the last trial are three times what they were on the previous trial, and that, also, under instructions from the court that they must be purely compensatory, in accordance with the views expressed by the court of appeals upon granting a new trial in this action.   The amount appears to be excessive, and the verdict should be set aside and a new trial granted, on payment of costs of the last trial and of opposing this motion.   The practice under which courts have ordered the reduction of a verdict to a sum named, as the alternative of a new trial, as in *Murray* agt. *The Hudson R. R. R. Co.* (47 *Barb.*, 196), and in other cases of this character, can, as it now appears, in view of the principle established in *Copin* agt. *Delany* (38 *N. Y. R.*), no longer be followed.