ROBERT F. PARKER, RESPONDENT, v. THE ERIE RAIL-WAY COMPANY, APPELLANT.

*Damages — Conductor of railway — when not acting in discharge of his duty.*

A conductor upon one of defendant's trains took up from plaintiff and his wife tickets purchased by them for South Livonia, telling them that the train did not generally stop there, but that it probably would on that occasion to take in water. The train did not stop there. Subsequently the conductor came into the car, asked plaintiff why he had not got out, and, in the course of a discussion which ensued, used insulting language to him. *Held*, that the conductor, in returning to the car and using insulting language to the plaintiff, was not acting in the discharge of his duty, and that the company was not liable therefor.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

*Sprague, Gorham & Bacon,* for the appellant. The court erred in charging the jury that the plaintiff was entitled to punitive damages. The company may be liable for the acts of its servants in the performance of its business, but not for such willful acts as are a departure from that business. (*Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y., 122; *Wright* v. *Wilcox*, 19 Wend., 343; see, also, 56 N. Y., 44; 47 id., 296; 51 id., 100; 20 id., 126; 47 id., 274; 17 id., 362; 1 Hill, 480; 2 Comst., 479; 57 Me., 202, dissenting opinion.) The defendant is not liable for punitive damages by reason of the language of the conductor to the plaintiff. (*Hibbard*

v. *N. Y. and E. R. R. Co.*, 15 N. Y., 455; *Hamilton* v. *Third
Ave. R. R. Co.*, 53 id., 25; *Townsend* v. *N. Y. C. and H. R. R.
R. Co.*, 56 id., 295.)

*S. Hubbard*, for the respondent. Corporations are liable in
proper cases for punitive damages. If the injury is accompanied
with insult and circumstances of aggravation, plaintiff is entitled
to punitive damages. (*Caldwell* v. *The New Jersey Steamboat Co.*,
47 N. Y., 283, 296; *Cleghorn* v. *N. Y. C. and H. R. R. R.*, 56 id.,
44; *Weed* v. *Panama R. R. Co.*, 17 id., 363; *The Atlantic and G.
W. R. Co.* v. *Dunn*, 19 Ohio St., 162; 2 Am., 382; *Goddard* v.
*Grand Trunk Railway Co.*, 2 Am., 39, 45, etc., 49, 50, 51, 52; S.
C., 57 Me., 202; *Taylor* v. *Grand Trunk Railway Co.*, 48 N. H.,
304; 2 Am., 229, 237; *Hopkins* v. *Atlantic and St. L. R. R.*, 36
N. H., 9; *Chicago and N. W. R. Co.* v. *Williams*, 55 Ill., 185; 8
Am., 641–645.) The Court of Appeals having applied the doc-
trine of exemplary damages to corporations, of course apply it in
the same manner as in the case of individuals.

MULLIN, P. J.:

On the 13th of July, 1872, the plaintiff purchased, at the
defendant's ticket office at Rochester, a ticket for himself and
another for his wife, from that place to South Livonia, a station on
the defendant's road between Rochester and Corning, and paid for
the same. Plaintiff and wife got on the cars, and when the train
passed Avon, defendant's conductor took up the tickets from plain-
tiff and his wife, saying that South Livonia was not a stopping
station, but the train would probably stop there for water. The
train did not stop at South Livonia. After passing that station,
the conductor, as the plaintiff testifies, in an insolent manner asked
plaintiff: "Why didn't you get off? I told you to get off." Plaintiff
replied that he, the conductor, told him he would probably stop for
water. The conductor passed by, and the plaintiff followed him
and pleaded with him to stop, as he had taken the tickets, and he,
plaintiff, had the right to expect that he would be let off. The
conductor told him that he had offered to indorse the tickets.
Plaintiff said that it was not true, and that he, the conductor, had
the tickets in his hands. The conductor told plaintiff that he came

into the cars to try and find him and his wife at Livonia Station, which is next north of South Livonia. Plaintiff told him that they had not left their seats, and he, the conductor, said he doubted that; he did not believe they were telling the truth about it; he was insolent and excited somewhat. The jury rendered a verdict in favor of the plaintiff for $180.

A motion was made for a new trial, and it was denied; and an appeal is taken from the order refusing a new trial, and from the judgment.

The appellant asks to reverse the judgment and order on two grounds:

1. Because the court charged the jury that the plaintiff might recover for mortification to his feelings.

2. That plaintiff was entitled to punitive damages.

In *Hamilton* v. *The Third Ave. R. R. Co.* (53 N. Y., 25), the plaintiff had been put off the cars of the defendant because he refused to pay fare, and he brought the action to recover damages therefor. It was held that he " had a right to compensatory damages, and they included not only compensation for the loss of time and the amount plaintiff was obliged to pay for passage on another car, but, in addition thereto, the injury done to his feelings might be taken into consideration by the jury, and a suitable recompense given therefor."

If a wrong was done by the conductor while he was in the performance of his duty, the defendant is liable. It is very difficult to determine upon the evidence in this case, whether all the acts done, and things said by the conductor, were done in the course of his employment, in view of the decisions of the courts in this State. He was in the discharge of his duty in taking up the ticket held by plaintiff, and when he passed the station at which they were entitled to be let off. But was he in the discharge of his duty when, after the train had passed the station, he went into the car and used insolent and insulting language to the plaintiff? It would seem that he went into the car with the intention of picking a quarrel with the plaintiff, and used the power which a little brief authority gave him, to insult and outrage the feelings of a harmless passenger. If the conductor had used the language testified to by the plaintiff while he was doing any legitimate act in the line of

his duty, the defendant would have been liable. But it would be unjust to hold the company liable for insulting words used, or wrongful acts done, by an employe, unless done while performing duties incident to the business in which they are employed.

If I am right in holding that the defendant is not liable for the insulting language used by the conductor, the plaintiff was not entitled to any damages therefor, and certainly not to punitive damages for the use of such language.

The court told the jury that plaintiff was entitled to recover for the injury such language did to his feelings, and if there had been a wanton aggression upon his feelings, they might give such additional compensation as would punish the defendant. It is more than probable that the jury found that the language was a wanton agression on defendant's feelings, and for that reason gave larger damages than would be a fair compensation for the injury done by the conductor for which defendant was legally liable.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial ordered, costs to abide event.