By the Court.—Curtis, J.
The defendant urges that the verdict was flagrantly against the evidence, and should be set aside. The plaintiff testifies that he was expelled from defendant’s car No. 2, having first been conveyed to defendant’s depot in car No. 75, to the conductor of which he paid his fare through, and that he was then changed to car No. 2, the conductor of which told him to “ come on,” he “ was all right,” when he asked him if he required a ticket to go on that car. There was strong conflicting evidence on the defendant’s part, with a strong intimation from the court that the plaintiff was mistaken. The question of fact was properly left to the jury. The evidence was conflicting, and however the court may have been impressed in regard to it, the province of the jury to pass upon it could not be invaded. At each of the three trials of this action the jury have found for the *378 plaintiff upon this issue of fact; and this of itself, unless some strong reason to the contrary is shown, is a circumstance entitled to consideration when a motion, is made to set aside the verdict as contrary to evidence.
But the defendant insists that the verdict of the jury was the result of passion and prejudice, and that this is evidenced by the disregard of the weight of evidence, and by the amount of. the verdict, and that no such verdict would have been given against a natural person.
The jury had the witnesses before them, they had the best opportunity of determining who were and who were not reliable, and because they believed the plaintiff’s testimony, and disbelieved that which was in conflict, it is not easy to see that the verdict was against the weight of evidence. Nor is it made apparent that in a similar case, and upon like proofs, such a verdict would not have been given against a natural person. There is nothing in the case that shows that the jury, in their manner or conduct or deliberations, were swayed by passion or prejudice.
At the first trial of this action, after the decision in it establishing the rule of damages, reported in 53 N. Y. 25, the jury rendered a verdict for one thousand five-hundred dollars damages. On a motion for a new trial, this was set aside as excessive, and on the present trial, after the jury had been carefully cautioned by the court against committing a similar act, the plaintiff had a verdict of three hundred and fifty dollars. If the plaintiff’s testimony was true, and the jury so found it, it is not clear that the sum awarded was an excessive recompense for the injury he testified was dohe to his feelings. The present verdict can not, in this view of it, be set aside as excessive, nor is it in-collision with the intimation of the court when the-preceding verdict was set aside.
*379 The only remaining point raised on the argument was that the judge erred in charging that this was a question of payment of fare, and not of production of a ticket, and that if the plaintiff had paid his fare, the company was liable for the mortification and injury to his feelings which resulted in his removal.
It may well be that if the regulations of the defendant required that the plaintiff should purchase a ticket before or after he entered the car, it was his duty to do so, and that he should also produce it when called upon by the conductor, and that if he failed to do so when asked, the conductor had the right to remove him from the train.
But it does not appear in the present case that the removal of the plaintiff from the car was in consequence of the non-purchase or non-production of a transfer ticket. No such reason for his removal was alleged in the answer or was shown on the trial.' It was not proved that the defendant’s regulations required the plaintiff to provide himself with such a ticket, or with any ticket. Defendant’s superintendent testified that in 1868, “payment of seven cents fare on a Harlem car would have entitled a passenger to one continuous passage on the same car to any point on the downward track of the road until after 4.33 P.M., when the ‘through cars’ began to run off, after which hour the passengers would be passed, at the depot, to ‘ another car.’
“No passenger is passed until the run-off trips begin in the afternoon ; the conductor then passes the number. I had twenty-five passengers. The conductor of the other car then takes the passengers, without a check, and without a fare ; that is only at night, on the ‘ run-off’ trips.” This is vague, and the last sentence possibly refers to the practice of the defendant, at the period he testified, instead of the time of the occurrence complained of. It is not proved that any *380 duty devolved upon the plaintiff to provide himself with a transfer ticket, or that a rule of defendant’s existed to that effect. The evidence is that he not only was unsupplied with one, but that the conductor told him, in substance, that it was unnecessary to have one when he entered the car. The conductor testifies he does not recollect about it, but neither he nor the driver testify that there was any practice or rule at that time requiring passengers to provide themselves with such tickets.
There was no sufficient foundation laid for the judge to instruct the jury that they should consider whether the plaintiff had a transfer ticket, and refused to produce it, that in case he had one, and so refused, that the conductor had a right to remove him. The court is confined, in its instructions to thejury, to the scope and province of the proofs, and can not go beyond to charge as to contingencies and obligations not embraced or affected by them. This exception to the charge can not be sustained, and the charge seems to accord with what was held to be the proper measure and limit of damages in the decision in this case heretofore referred to.
The judgment and order appealed from should be affirmed, with costs.
Sedgwick, J., concurred.