MOUNT A. YATES, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Where in an action against a railroad company for unlawfully ejecting a passenger from its cars, the case, as made by plaintiff, is one where punitive damages may be allowed, evidence on the part of the conductor that at the time he ejected plaintiff he believed that plaintiff had not surrendered a ticket entitling him to be carried, also, that he believed it to be his duty to put plaintiff off if he did not pay his fare, is competent upon the question of damages.

In order to present the point of the immateriality of the evidence on the question of compensatory damages, plaintiff's counsel should, when the evidence is offered, disclaim any claim for any further damages.

Where, in such an action, the verdict is for the defendant, the reception of erroneous evidence on its part, on the subject of damages, is not a ground for reversal, as it could not have produced any inquiry.

(Argued September 25, 1876; decided October 3, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a verdict.

This action was brought to recover damages for being ejected out of the defendant's train.

The plaintiff gave evidence tending to show that he bought a ticket at Palatine·Bridge for Utica and entered defendant's train; that before reaching Little Falls the conductor took up such ticket; that after leaving· Little Falls and before reaching Utica, the conductor again demanded plaintiff's ticket, and because plaintiff did not show a ticket and refused to pay his fare, the conductor put him off the cars; that plaintiff offered

to pay the fare before the bell was rung, but that the conductor refused to receive it; after plaintiff was put off, he again got on the cars while in motion, and was again put off with force, being kicked off.

On the part of the defence the evidence tended to show that the plaintiff had not surrendered a Utica ticket to the conductor; that he did not offer to pay his fare until after the bell was rung to stop the train, and that he got on the train after it had started, against the commands of the conductor.

Upon the trial the conductor of the train was permitted to testify, under objection and exception, that he honestly believed that plaintiff had not surrendered a ticket entitling him to be carried to Utica; also, that he believed it to be his duty to put plaintiff off the cars if he did not pay his fare. This evidence was allowed upon the question of damages only.

Further facts appear in the opinion.

*D. S. Morrel* for the appellant. Plaintiff was entitled to a verdict. (*English* v. *D. and H. Canal Co.*, 14 Alb. L. J., 83; *Macy* v. *Wheeler*, 30 N. Y., 231; *Lane* v. *Ill. and C. R. R. Co.*, 32 Iowa, 534; *Kline* v. *Pac. R. R. Co.*, 37 Cal., 400; 5 N. Y., 475; 23 id., 343; 47 id., 128; *Sanford* v. *Eighth Ave. R. R. Co.*, 23 id., 343; *Rounds* v. *D. L. and W. R. R. Co.*, 5 T. & C., 475.) Defendant in removing plaintiff was bound to do so in such a manner as not to endanger his personal safety. (37 Cal., 400; 23 N. Y., 346; 5 T. & C., 475, 480; 32 Iowa, 534.) The court erred in allowing the conductor to answer the questions as to whether, when he put plaintiff off the car, he believed he had not given up his ticket, and whether he believed it was his duty, under the circumstances, to put him off. (*Cook* v. *People*, 2 T. & C., 409; 43 N. Y., 279; Greenl. Ev., § 441; 1 Barb., 537; 2 T. & C., 404, 408.) The court below erred in admitting this evidence upon the question of damages. (47 N. Y., 282; 53 id., 25; 56 id., 44, 296; 23 id., 343; 5 T. & C., 475; 52 Barb., 15; 2 G. & W. on New Trials, 611; 18 N. Y., 546; 45 id., 341; 21 Barb., 489; 58 id., 625.)

*S. W. Jackson* for the respondent. Defendant had a right
to expel plaintiff from its car. (Laws 1850, chap. 140, § 35;
*People* v. *Jillson*, 3 Park. Cr., 234; *Hibbard* v. *N. Y. and
Erie R. R. Co.*, 15 N. Y., 455; *Barker* v. *N. Y. C. R. R.
Co.*, 24 id., 599; *Adwin* v. *N. Y. C. R. R. Co.*, 60 Barb.,
590; *Townsend* v. *N. Y. C. and H. R. R. R. Co.*, 56 N. Y.,
501.) Defendant was entitled to give evidence of mitigating
circumstances. (*Millard* v. *Brown*, 35 N. Y., 300; *Corning*
v. *Corning*, 6 id., 97; *Hamilton* v. *Third Ave. R. R. Co.*,
53 id., 25; 56 id., 298; *Brown* v. *Hoburger*, 52 Barb., 52.)

CHURCH, Ch. J. The charge of the court upon the facts is
not given in the case. The presumption, therefore, is that the
questions of fact were fairly and properly submitted to the
jury.

The evidence was conflicting upon the principal fact involved
and the jury were warranted in finding for the defendant, and
their decision is conclusive. Nor is there any reviewable ques-
tion presented arising out of the decision of the court pro-
hibiting the plaintiff's counsel from commenting upon the
circumstances that the defendant omitted to call the station
agent at Palatine Bridge, where the plaintiff alleged that he
purchased his ticket. The disposition of such incidental ques-
tions arising during the progress of a trial, in general rest in
the discretion of the court with which appellate courts will
not interfere, but it is sufficient to say, as to this point, that no
exception was taken.

There are two exceptions taken to the admission of evidence
which are properly presented for our consideration: The first,
in permitting the conductor to state that he honestly believed
that the plaintiff had not surrendered a ticket entitling him to
be carried to Utica, and the other, in permitting the conductor
to state that he believed it to be his duty to put the plaintiff
off the cars if he did not pay his fare. This evidence was
allowed upon the question of damages only. If it had appeared
that the plaintiff's claim was limited to compensatory damages
strictly, the evidence would not have been proper or material,

because if the plaintiff was unlawfully ejected from the cars, the good faith of the conductor would not be a defence, nor impair the right of the plaintiff to actual damages. There is nothing in the case to show that the plaintiff did not intend to claim punitive damages. The complaint claimed $6,000 damages, and the real injury was not very serious.

The counsel for the plaintiff contends that it was not a case where punitive damages could be legally allowed. The case, as claimed by the plaintiff, was somewhat aggravated. He claimed that he was kicked from the cars when the train was in motion, after he had surrendered a ticket entitling him to ride to Utica. It is not needful to determine the question definitely, but as the case was presented by the plaintiff, it was one where it is evident such a claim might be made, and, if so, the court was justified in admitting evidence relevant and proper upon that phase of the case. It is not disputed but that such evidence is proper upon the question of exemplary damages. (53 N. Y., 25; 35 id., 300; 6 id., 97.) In order to have presented the point of immateriality properly upon the question of compensatory damages, the counsel for the plaintiff, when this evidence was offered, should have disclaimed any claim for any further damages.

Another answer to these exceptions is, that the evidence could not have legally injured the plaintiff. The jury found against any cause of action, and therefore evidence, even though erroneously received upon the question of the amount of damages, could not have produced any injury. The counsel argued that though received upon the question of damages, it influenced the jury upon the merits. We cannot presume this, and there is nothing in the case to show it.

As these are the only errors alleged, the judgment must be affirmed.

All concur; ALLEN, J., taking no part.

Judgment affirmed.