ASA W. PARKER, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Exemplary damages — when not allowable.*

The plaintiff, in pursuance of a contract made with the defendant, claimed to be entitled, by virtue of a commutation ticket, to ride to East New York. Having exercised this right for some time the defendant refused to carry him to that point unless he would pay extra fare from Jamaica to East New York; and upon his refusal so to do, in obedience to an order of the defendant, the conductor ejected him from the train, using, in so doing, no unnecessary violence. Upon the trial of this action, brought to recover damages for so doing, the court charged that the evidence was not sufficient to give punitive damages against the conductor, but that plaintiff was entitled to have the railroad company punished to such an extent as the jury should, in their discretion, say the facts authorized and demanded. *Held*, that the charge was erroneous.

Appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Edward E. Sprague*, for the appellant.

*S. D. Morris*, for the respondent.

GILBERT, J. :

In July, 1876, plaintiff made an agreement with defendant to carry him for one year between Ridgewood and Brooklyn, and the agent of the defendant, with whom the contract was made, told the plaintiff that the commutation was good to either Long Island City, Bushwick or East New York. At that time the defendant gave him six commutation books for the months up to January, and promised to give the balance of the books before the expiration of the first six months. The books delivered were books of the Southern Railroad Company, the predecessors of the defendant. Plaintiff afterwards rode between Ridgewood and the three stations last named, respectively, his right to do so not having been disputed until about 25th September, 1876, when the defendant refused to carry him to East New York unless he paid the fare between Jamaica and East New York. Plaintiff tendered his ticket and refused to pay; thereupon he was ejected, pursuant to an order of the defendant, the conductor using only nominal force in removing him from the car. The jury rendered a verdict for $400.

Assuming that the contract between the parties entitled the plaintiff to ride on the railroad running between Jamaica and East New York, the exclusion of him from the car was wrongful and the defendant is liable for the damages sustained by the plaintiff in consequence thereof. It may well be doubted, however, whether the plaintiff really had the right which he asserted. We have not considered that question, as there is another one which is decisive. The judge, after instructing the jury, as the evidence required him to do, that there was not sufficient evidence to give punitive or exemplary damages against the conductor, and that the plaintiff had admitted that he had suffered only nominal damages, gave this further instruction, namely, "that he" (the plaintiff) "is entitled to have this railroad company punished to such an extent as the jury shall, in their discretion, say the facts authorize and demand."

We think that the judge erred in permitting the jury to give exemplary damages. It was conceded that nothing in the conduct of the conductor warranted any thing more than compensatory damages. And yet the defendant is liable only for the acts of the conductor. The fact that he acted under the orders of the defendant, only proves the authority of the conductor to do the acts.

The law would imply the same authority from the nature of his employment. In *Hamilton* v. *Third Avenue Railroad Company* (53 N. Y., 30) the Court of Appeals, per GROVER, J., held that "no case for exemplary damages, had the action been against the conductor, was established, and if not against him, clearly not against the master." Upon principle, the rule cannot be otherwise where a conductor executes an order of his master which was given without evil intent. The case does not furnish the slightest evidence indicating that the company entertained any malice or ill-feeling toward the plaintiff, or that the order under which the conductor acted was given with any intention to injure the plaintiff, or with any other purpose than that of the assertion, in good faith, of a legal right supposed to belong to the defendant, and the performance of an official duty by the officer who issued the order. In such a case punishment is not deserved, and an example is not necessary. It is only in cases of moral wrong, recklessness or malice, that the exceptional rule of public policy, which allows exemplary damages, applies. (53 N. Y., *supra.*)

The judgment must be reversed, and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., dissented.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.