THOMAS HOGAN, as Administrator of JOHN HOGAN, Deceased, Respondent, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, March 3, 1891.*

Reversing 58 Supr. 322.

1. *New trial.  Charge.*—Expressions in the charge, which are calculated to excite prejudice and hostility toward the defendant and sympathy for the plaintiff, are sufficient to justify a reversal.

2. *Trial.  Charge.*—Where, in an action against a railroad company for negligence, the evidence is sufficient to have authorized the jury to find that the decedent negligently and unnecessarily jumped towards or in front of the moving car, it is error to refuse the request that "if the boy's want of care in jumping off the car was the cause of the injury, then he was guilty of contributory negligence, and the plaintiff cannot recover.

Appeal from a judgment of the general term of the superior court of the city of New York, which affirmed a judgment entered on a verdict, and also affirmed an order denying defendant's motion for a new trial made on the minutes.

*Daniel P. Hays*, for respondent.

*Henry Thompson*, for appellant.

FOLLETT, Ch. J.—This action was begun February 10, 1888, to recover, under § 1902 of the Code of Civil Procedure, damages of the defendant for having, as it is alleged, on the 18th day of August, 1887, negligently caused the death of the plaintiff's son, a lad twelve years old, At the date of the accident the defendant owned and operated a surface railroad in Fifty-ninth and in other streets in the city of New York, using in part cars drawn by one horse and managed solely by a driver. About nine o'clock in the evening of August 18th, the decedent and several boys not intending to pay their fares got on to the rear platform of one of defendant's cars then going west in East Fifty-ninth street and between First and Second avenues. Before the car reached Second avenue all of the boys at the command of the driver left it, except the decedent, who sat on the south or left side of the rear platform. As the car crossed Second avenue Frank Ribarvarro, a lad fifteen years old, got on to the north or right side of the same platform for the purpose of having a free ride. When the car was about opposite No. 224 East Fifty-ninth street the driver started to go towards the rear platform for the purpose of compelling the boys to leave the car, but before he reached them they jumped off, Ribarvarro on the north and the decedent on the south side, the latter falling under one of the defendant's cars running east on the other track and was killed. It is not asserted that the driver touched either boy, but it was testified that he went towards them in a threatening manner and so terrified them that they jumped off in the manner described, and it is alleged that the defendant's driver negligently caused the accident. Whether he threatened the lads with bodily harm was contested on the trial, and the question of liability was held to turn upon the decision of that question of fact. The

jury was instructed: " If you believe from the evidence that this driver advanced in a menacing manner upon these boys at that instant and impressed himself or manifestly was likely to impress upon their minds the fact that they were in danger of assault, no matter how little, from him in his effort to drive them, and chiefly the deceased boy, from the car, why, then, so far that would be an element that would warrant you in coming towards the conclusion that the driver of the car was negligent in his conduct towards the deceased boy." To this instruction the defendant excepted and requested the court to charge: " If the jury believe that the plaintiff's intestate was stealing a ride on defendant's car and that the driver intended no personal injury to the plaintiff's intestate, but ordered him off and made a feint as if to go and put him off, because he believed it to be the least harmful mode of removing him, the defendant is not liable." The court declined to charge on this subject otherwise than it had, and the defendant excepted. Thereupon the defendant requested the court to charge: " If the boy's want of care in jumping off the car was the cause of the injury, then he was guilty of contributory negligence and the plaintiff cannot recover."

The court refused so to charge, and the defendant excepted. Testimony had been given tending to show that the car which the decedent jumped or fell in front of could have been seen by him for some little time before the accident. It was also testified that the driver did not let go of the lines with which he managed his horse, did not approach within several feet of the boys, nor threatened them with violence. The evidence being sufficient to have authorized the jury to find that the decedent negligently and unnecessarily jumped towards or in front of the moving car, it was error for the court to refuse the request last above quoted, for which a new trial must be granted.

This case is quite different from Clark *v.* N. Y., L. E. & W. R. R. Co., 40 Hun, 605; aff'd, 113 N. Y. 670; in which

case there was no conflict of evidence. The defendant called no witnesses, and it was established beyond dispute that the plaintiff was driven from the steps of the moving caboose on a steam railroad by an assault of the defendant's employes.

In the course of the charge several expressions were let fall well calculated to excite prejudice and hostility in the minds of the jury towards the defendant, and sympathy for the plaintiff, which had not a tendency to induce a deliberate and impartial consideration and determination of the issues between the parties, and we think the remarks referred to quite sufficient to have justified the general term in granting a new trial because of them. Hamilton *v.* Third Ave. Railroad Co., 53 N. Y. 25; Standard Oil Co. *v.* Amazon Ins. Co., 79 Id. 506; Baylies on New Trials and Appeals, 125.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

All concur (HAIGHT and BROWN, JJ., in result), except BRADLEY, J., dissenting.