(5) Referring to paragraph 29 of the complaint, the name and residence of each newsboy referred to and of each newsboy to whom a bonus was paid as alleged, and the amount thereof.

(6) Referring to paragraph 32 of the complaint, the names and residences of the plaintiff's employés who were by the defendants enticed or sought to be enticed from the plaintiff's service as alleged.

(7) Referring to paragraph 16 of the complaint, state when and how, and the person by whom, Jonas M. Kilmer caused the plaintiff and said Beardsley to be notified as alleged.

(8) Referring to paragraph 17 of the complaint, the name and residence of the emissary or agent alleged to have been sent by Jonas M. Kilmer to said Beardsley.

(9) Referring to paragraph 22 of the complaint, the name and residence of each subscriber and patron interviewed and solicited as alleged, and the names and residences of persons to whom valuable prizes and inducements were offered, and what the said prizes and inducements were.

(11) Referring to paragraph 31 of the complaint, the names and residences of the agents and representatives of the defendants who induced the agents and employés of the common carriers to decline service to the plaintiff as alleged.

(12) Referring to paragraph 34 of the complaint, the name and residence of the person who offered a large sum of money to the news agency to refuse to serve plaintiff longer, and the name of such agency.

(13) Referring to paragraph 35 of the complaint, the names and residences of the persons who resorted to the unlawful and unfair means alleged.

And as so modified the order is affirmed, with costs to appellant to abide the event. All concur.

---

(90 Misc. Rep. 315)

### MILCHMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. CARRIERS ⬧➡365—CARRIAGE OF PASSENGERS—EJECTION.
   Where one pays his fare, the conductor, although he has forgotten it, may not eject him, and the passenger may use such force as is necessary to resist ejection.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1450–1452; Dec. Dig. ⬧➡365.]

2. TRIAL ⬧➡296—INSTRUCTIONS—ERROR—CURE BY OTHER INSTRUCTION.
   Where the court improperly charged that, in case of dispute, a passenger who has paid his fare should pay it over, the further instruction that plaintiff, if he had paid his fare, was a passenger, and entitled to a reasonably safe and comfortable ride, and that, if he was ejected, there was a breach of the contract, did not cure the error.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ⬧➡296.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

⬧➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Philip Milchman against the New York Railways Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

Abraham M. Fisch, of New York City, for appellant.

James L. Quackenbush, of New York City (W. J. Sheils, of New York City, of counsel), for respondent.

PENDLETON, J. The action is for breach of a contract of carriage; plaintiff insisting he had paid his fare, and defendant's conductor that he had not. The conductor attempted to eject plaintiff by force from defendant's car, and in such attempt, plaintiff claimed, assaulted him.

[1] The court charged the jury as follows:

"Now, what was the duty of the defendant, and what was the duty of the passenger? They have mutual obligations. The proper thing to do would be this: According to law, the conductor should go to a passenger, or one who is in the car, and ask him for his fare. If the passenger says that he paid his fare, and the conductor says he did not, if the conductor insists upon payment of a fare, it is then the duty of the passenger to pay his fare, even though he paid it before. If he does not want to pay it twice, it is the duty of the passenger, when the conductor directs him, to get off the car. The passenger should take the next car. I say this, even though the passenger is in the right, even though the passenger has paid his fare, if the conductor says, 'You did not pay your fare,' and the conductor directs him to get off, the passenger must go off the car.

"You may ask why this is. I will tell you. The law is very jealous of maintaining the peace of the community. Nobody has any right, neither a passenger nor a conductor, to do anything which has a tendency to a breach of the peace. Now, if a passenger has paid his fare, and the conductor demands another fare, and, as I have just told you, it is his duty to get off the car, we say in law, and all lawyers know the very comprehensive principle, that where there is a wrong there is a remedy. Now, there is a remedy in the law for that. If a passenger is compelled to pay two fares, he can sue the railroad company to recover the sum of $50 as a penalty. That is what the passenger should do. The passenger has no right to remain upon the car, and insist upon staying there, and refuse to get off, if the conductor directs him to get off. The company has a right to use reasonable force to get him off the car. It is the duty of the conductor to do that, and, if he cannot do it himself, he may call a policeman and have that done."

To this plaintiff's counsel excepted. The charge was error. If a man pays his fare, the conductor has no right to eject him, or attempt so to do, and the passenger is entitled to use such force as is necessary to resist ejection, and for any damages suffered the company is liable. Raynor v. N. Y. & L. I. Traction Co., 86 Misc. Rep. 201, 149 N. Y. Supp. 151; Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25; English v. Delaware & Hudson Canal Co., 66 N. Y. 454, 23 Am. Rep. 69; Monnier v. N. Y. C. & H. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619.

[2] The error in the charge was not cured by the subsequent statements by the court:

"That the plaintiff was entitled, if he was a passenger and paid his fare, to a reasonably safe and comfortable ride. If he did not get that, and the

things happened which were alleged during the trial, then the railroad company is guilty of a breach of contract."

It cannot be said that the jury understood that this was a withdrawal of the erroneous charge, and intended to change the rule of law previously expressed.

The charge being erroneous and prejudicial, judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.