*397 OPINION OF THE COURT
Walter J. Relihan, Jr., J.
The defendant, after the jury had reported, moved to set aside the verdicts in favor of plaintiff as contrary to law and against the weight of the evidence (CPLR 4404). In particular, defendant argued that there was no competent evidence of the amount of damages and that the award of punitive damages was improper.
The motion was denied with leave to the defendant to submit a memorandum of law regarding the propriety of the punitive award which, upon oral argument, appeared to be the uppermost issue. Thereafter, defendant submitted a formal motion which made no mention of the punitive damages issue but, instead, seeks a new trial on the ground that the court superseded the role of the jury by submitting a special verdict form which asked the jury to determine whether or not plaintiff was entitled to compensatory damages in the amount of $10,000. The jury responded in the affirmative and awarded an additional $5,500 in punitive damages. We assume that the oral motion to set aside the punitive award remains intact and that the formal motion raises an additional issue regarding the compensatory award. Accordingly, we address both issues.
The plaintiff, an 83-year-old widow, claims that the defendant, Irwin Bak, converted a long list of jewelry and watches by removing these items from her apartment on the mutual understanding that he would appraise the items and purchase or return them. She testified that, after the goods were taken by defendant, she changed her mind about the sale and asked for the return of the property. She claimed that defendant offered to purchase the goods for $10,000 but refused to redeliver them. The defendant denied taking the property or making the purchase offer.
The total value of the property was an important issue in the case. Despite that fact, plaintiff offered no expert testimony on the topic and admitted her own ignorance of value, except in respect to a Corum watch which, she opined, was worth $5,000. She offered no evidence on the total value of the goods and the defendant, needless to say, offered no such evidence. Indeed, the only testimony of total value came in the form of plaintiff’s statement that defendant had offered to buy the whole list of items for $10,000. Such a statement, by a party, being inconsistent with the position taken by the party at trial, is admissible as substantive evidence (Martin, Capra & Rossi, *398 New York Evidence Handbook § 8.3.2; Fisch, New York Evidence § 790 [2d ed 1977]).
The jury had a right to accept the plaintiffs testimony and to disbelieve the defendant’s contrary testimony. We conclude that the question of damages, as submitted to the jury, was appropriate in the absence of any other competent evidence of value. Accordingly, the motion for a new trial, as to compensatory damages, must be denied.
Punitive damages, as the Court of Appeals has recently reiterated in Rocanova v Equitable Life Assur. Socy. (83 NY2d 603), are not intended to remedy private wrongs but to vindicate public rights. There, the Court noted that all of the plaintiffs tort claims had been dismissed at trial, including the fraud causes of action. The Court concluded (at 614) that the remaining contract claims, a mere compilation of policyholder difficulties with the insurer involving claims settlement practices, were insufficient to satisfy the "public wrong” requirement of the punitive damages rule.
Here, the defendant argues that plaintiff cannot satisfy the requirement, crucial to the result in Rocanova (supra), that punitive damages require not only that defendant’s conduct involves "such wanton dishonesty as to imply a criminal indifference to civil obligations” (at 613, citing Walker v Sheldon, 10 NY2d 401, 405) "but * * * that such conduct was part of a pattern of similar conduct directed at the public generally” (Rocanova v Equitable Life Assur. Socy., at 613). In our view, the "pattern of similar conduct” language related to the specific issues in Rocanova which were fundamentally dissimilar to the issues at bar.
We take particular note of the fact that Rocanova (supra) cited, with approval, the earlier decision of the Court in Walker v Sheldon (supra). There, Judge Fuld recounted a variety of causes of action, many involving one-on-one torts (viz., libel, desecration of a grave, abduction of a minor, fraud and deceit) in which the Court had sustained punitive damages. In further explication, Judge Fuld drew from Hamilton v Third Ave. R. R. Co. (53 NY 25, 30) the observation that " 'It is not the form of the action that gives the right to the jury to give punitory damages, but the moral culpability of the defendant’ ” (Walker v Sheldon, supra, at 404-405).
If the jury found for the plaintiff on the compensatory damage issue, the verdict form permitted the jury to award a further sum for punitive damages. Under the criminal law, the taking of property valued at $10,000, with the intent to deprive *399 the owner of possession, would constitute a felony. Crimes of this character are directed not only at the victim but also at the public. Surely, the protection of society from thieves ranks among the most important duties of the State to its citizenry. The removal of the plaintiff’s jewelry from her home, on the false promise that the appraisal would be made and that the property would be purchased or returned, amounts to larceny by trick at common law. Presently, the crime is defined at section 155.05 (2) (a) of the Penal Law.
In our view, Rocanova (supra) must be read in relation to its operative facts and should not be construed to preclude punitive damages where the conduct is criminal in nature and amounts to an attack upon a fundamental public interest. In that sense, we conclude, the defendant’s conduct was "directed at the public”, though its immediate effect was limited to the individual property interest of the plaintiff (Suffolk Sports Ctr. v Belli Constr. Corp., 212 AD2d 241, 247-248). In such a case, unlike the circumstances present in Rocanova, there is no need to show a "pattern” of similar conduct toward others. Consequently, the motion to set aside the verdict for punitive damages is denied.