## HOLMES v. BULLOCK.

1. H. G. H. was indebted to J. M. B. who assigned his account to J. A. B. to whom, as assignee, the debtor executed his note for the amount—afterwards H. G. H. paid some notes previously made by J. M. B. as principal and himself as surety : *Held,* that these payments did not constitute a set off in an action on the note at the suit of J. A. B.

WRIT of Error to the Circuit Court of Autauga.

The defendant in error declared against the plaintiff in *assumpsit,* on a promissory note of the following tenor:

"One day after date I promise to pay James A. Bullock, assignee of Joseph M. Bullock, or bearer, fifty-one dollars and fifty-four cents, with interest from the first day of January last, for value received. February 20th, 1841.

H. G. HOLMES."

The cause was tried on the pleas of *non assumpsit,* payment, set-off, fraud, and want of consideration. On the trial a bill of exceptions was sealed by the presiding Judge, at the instance of the defendant. By the bill it is shown that the defendant introduced a witness who was the agent of the plaintiff in settling the claims of Joseph M. Bullock, which the plaintiff held as assignee. Witness was present when the note sued on was made—plaintiff was also present; the defendant then asked the witness if certain notes then in his, (defendant's,) possession, and in which defendant was a surety for Joseph M. Bullock were paid, to which the witness replied, he had been so informed by Joseph M.—defendant also remarked, he had heard they were paid. The note sued on was given in liquidation of a debt due by defendant to Joseph M.

The defendant then proposed to prove the hand-writing of Joseph M. to the notes produced by him, their payment by him as his surety, since the note declared on was made, and to read them to the jury as a set-off—but on plaintiff's objection, this evidence was rejected. A verdict was found for the plaintiff

Holmes v. Bullock.

for the amount of the note and interest, and judgment was thereupon rendered.

Pope, for the plaintiff in error.

Elmore, for the defendant.

COLLIER, C. J.—Although the consideration of the note which the plaintiff is seeking to recover was an indebtedness to Joseph M. Bullock, yet by making the plaintiff the payee, he became invested with the legal right to the sum expressed on its face. The terms " assignee of Joseph M. Bullock," do not change the effect of the defendant's undertaking, but rather show under what circumstances he became entitled to the debt. It does not appear whether the notes in which defendant was a surety were paid before this suit was brought—but even if it did, the payment could not be set off in the present action, for the reason that the plaintiff, who is seeking to recover money, does not owe the defendant the demand he makes, but it is due from another person, who never had any legal interest in the note declared on. To make a set-off available, the defendant must show that the plaintiff is legally liable to its payment, or else claims as assignee, or indorsee, in virtue of our statute, through some person on whom such a liability rests. In the case before us such a pretence cannot be made, nor was it attempted to be shown that the proceeds of the defendant's note, when collected, were to be paid to Joseph M. Bullock.

The bill of exceptions does not show that there was any effort at the trial to prove a fraud on the part of the plaintiff in taking the note. His silence at the time it was given does not lead to such a conclusion, for he may not have been informed whether the notes in which defendant was surety had been paid, and consequently could not have answered the question which defendant then proposed to the witness. The case then, as presented by the bill of exceptions, shows a fair transaction, viz: a new promise by the defendant to pay the plaintiff a debt which the former owed a third person, and of which the plaintiff was the assignee. In this view the evidence to establish the set-off was properly rejected—and the judgment is therefore affirmed.