## Case No. 12,685.

### SEYMOUR v. CHICAGO, B. & Q. RY. CO.

[3 Biss. 43;[1] 4 Am. Law T. Rep. U. S. Cts. 134.]

Circuit Court, N. D. Illinois. June, 1871.

CARRIERS—INJURY TO PASSENGER—SAFETY OF DEPOT PLATFORM—CONTRIBUTORY NEGLIGENCE.

1. Railway companies who are carriers of passengers are required to use all the means reasonably in their power to prevent accident. To render them liable it is not necessary that they should be guilty of great negligence. It is enough if an accident be caused solely by any negligence on their part, however slight, if by the exercise of the strictest care or precaution, reasonably within their power, the injury would not have been sustained.

[Cited in Alabama G. S. R. Co. v. Arnold, 84 Ala. 159, 4 South. 365.]

2. But a company. although guilty of negligence, will not be liable if the injury arose from the want of ordinary or proper care on the part of the plaintiff at the time.

3. So. where the accident was caused by the plaintiff's stepping on ice left on the platform in the depot, the company is not liable if the plaintiff, having seen pieces of ice, could, by reasonable care, have avoided stepping on one of them.

4. It is the duty of a railroad company using a platform in a depot belonging to another company to see that the platform used is safe and convenient for passengers to get in and out of the cars, regardless of any arrangement with such other company. Whether or not ice was placed on the platform by the company's agents makes no difference if the jury believe that it was dangerous to passengers going to or getting out of the cars—the cars being then open to receive passengers.

5. The agents of the company, by opening the doors of the cars, notified passengers to enter them, and, in fact, notified them that the platform was safe and free from obstructions for those who had purchased tickets.

6. The plaintiff was obliged to use ordinary care and prudence in descending the steps and landing on the platform, and if at any moment it would have appeared to a reasonably prudent person that there was risk of danger to herself in proceeding, then, if she did proceed, it was at her own peril. even though the defendant was guilty of negligence.

[Cited in Alabama G. S. R. Co. v. Arnold, 84 Ala. 159, 4 South. 366.]

7. But, if, on the other hand, taking all the circumstances of the situation together. there would not have appeared to a reasonably prudent person any danger in descending the steps and going on the platform, then she cannot be said to have been guilty of contributory negligence, though in fact injury followed what she did.

8. The jury may taken into consideration the degree of light. the time of day, the fact that the plaintiff saw the pieces of ice, and the position she occupied when she first saw them.

9. The jury can only give as damages compensation for the injury, and cannot add anything by way of punishing the defendant.

10. A married woman has the right to sue for personal injuries without joining her husband.

This was an action by Mary A. Seymour for damages for personal injuries caused by the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

alleged negligence of the defendant. About ten o'clock in the forenoon of the 30th of August, 1870, the plaintiff purchased of the defendant a passenger ticket from Chicago to Galesburg, and proceeded to the defendant's train of cars. She had her baggage checked for Galesburg, and passed up the steps of one of the Pullman palace cars, intending to pay the extra fare for the right to travel in it. But she found the door of that car locked, and thereupon she passed across the platform of that car and into the car next to the palace car, laid down her shawl and basket and retraced her way to the door. Passing out upon the platform of that car she proceeded to pass to the depot platform for the purpose of finding the person who had the care of the palace car, that she might take a seat in it. As she was about to step from the platform of the car to the platform of the depot, she noticed some pieces of ice on her right, near to the palace car, and it seems there were other pieces of ice close to the steps of the car from which she was about to descend, and upon one of them she set her foot, slipped and fell, dislocating her left ankle. The plaintiff, a married woman, had never been divorced from her husband, but during the last nine years had supported herself, and had not seen her husband in seven years. The Illinois Central Railroad Company were the owners of the depot where the accident occurred. The defendant insisted that the plaintiff was not competent to sue in her own name without joining her husband in the action, and that, upon plaintiff's own showing, she was not entitled to recover, because she saw some of the pieces of ice before she stepped off the car, and that, therefore, she could have avoided that upon which she put her foot.

O. B. Sansum and Samuel W. Fuller, for plaintiff.

Walker, Dexter & Smith, for defendant.

DAVIS, Circuit Justice (charging jury).

Railway companies who are carriers of passengers are required to use all the means reasonably in their power to prevent accident. It is not necessary to charge them with liability that they be guilty of great negligence. It is enough if the accident was caused solely by any negligence on their part, however slight, if by the exercise of the strictest care or precaution, reasonably within their power, the injury would not have been sustained. But the company will not be liable, although guilty of negligence, if the injury arose from the want of ordinary or proper care on the part of the plaintiff at the time of its commission, so that in this case the company would not be liable, although the accident would not have happened if the ice had not been left on the platform, or if the plaintiff, having seen that there were pieces of ice on the platform, could, by reasonable care, have avoided stepping on one of them. And it is for you to say

whether this accident occurred to Mrs. Seymour in consequence of want of reasonable care on her part, or whether, as she says, it was entirely the company's own negligence that produced it.

It was the duty of the defendant to see that the platform used by it was safe and convenient for passengers to get in and out of the cars, regardless of any arrangement with the Illinois Central Railroad Company, who owned the building. And whether the ice was placed on the platform by the agents of the company or not makes no difference in this case, if the jury believe it was dangerous to passengers going to or getting out of the cars, and the cars were open to receive passengers. As soon as the cars were opened to receive passengers it was the duty of the employés of the company to have seen the ice and to have removed it. The agents of the company, by opening the doors of the cars, invited passengers to enter them, and, in fact, notified them that the platform was safe and free from obstructions for those who had purchased tickets to enter the cars.

But the main question in this case relates to the fault. Whether the plaintiff was in fault, the court does not instruct you as a matter of law upon the evidence that the plaintiff was or was not guilty of contributory negligence, but leaves the fact to be found by you under the rules of law stated by the court.

Mrs. Seymour was obliged to use ordinary care and prudence in descending the steps and landing on the platform, and if at any moment it would have appeared to a reasonably prudent person that there was risk of danger to herself in proceeding, then if she did proceed it was at her own peril, even though the defendant was guilty of negligence.

But if, on the other hand, taking all the circumstances of the situation together, there would not have appeared to a reasonably prudent person any danger in descending the steps and going on the platform, then she cannot be said to have been guilty of contributory negligence though in fact injury followed what she did.

In deciding these points the jury will take into consideration the degree of light on the steps and platform, the time of day, the fact that she saw pieces of ice and a wet spot on the platform, and the position she occupied when she first saw them.

If the jury should find from the evidence that the plaintiff's conduct contributed to the accident, they will find for the defendant.

If, on the contrary, they shall find that she was not negligent and the defendant was, then they will proceed to the question of damages. And on this point they are instructed they must give no more than will compensate the plaintiff for the injury, and cannot add anything by way of punishing the defendant.

In estimating the extent of this compensation they can take into consideration the loss of time sustained, the expenses attending the

cure of the injury, the length of time likely to occur before a permanent cure is effected, and the pain and suffering undergone by the plaintiff.

The jury are instructed that under the evidence in this case the plaintiff has the right to sue without joining her husband.

The jury found a verdict for $2,500 damages for plaintiff.

NOTE. If a railroad company allows the trains of another company to run over its track, as to passengers on its own trains it is responsible in the same manner as if all the trains belonged to itself. Barron v. Illinois Cent. R. Co. [Case No. 1,053], and cases there cited. It is no defense to an action for injuries caused by the negligence of a defendant railroad company, that the negligence of a third party contributed to the injuries. Webster v. Hudson River R. Co., 38 N. Y. 260. To maintain an action for negligence, there must be fault on the part of the defendant, and no want of ordinary care on the part of the plaintiff. In proportion to the negligence of one party, should be measured the degree of care required of the other. Where there are faults on both sides, the plaintiff may, in some cases, recover, as where it appears that his negligence is comparatively slight, and that of the defendant gross. Galena & C. U. R. Co. v. Jacobs, 20 Ill. 478; Chicago, B. & Q. R. Co. v. Dewey, 26 Ill. 255; Same v. Hazard, Id. 373; Chicago & A. R. Co. v. Pondrom, 51 Ill. 333; Chicago & N. W. R. Co. v. Harris, 54 Ill. 528. As to carrier's liability for negligence when both parties are in fault, see 2 Redf. R. R. 240. The doctrine in relation to the mutual negligence of parties in causing an injury, as affecting the right of parties to recover therefor, is applicable to passengers carried upon railroads. Galena & C. U. R. Co. v. Fay, 16 Ill. 558; Same v. Yarwood, 15 Ill. 468; Same v. Same, 17 Ill. 509; Chicago & R. I. R. Co. v. Still, 19 Ill. 500. For a discussion of the doctrine of contributory negligence, consult the following cases in New York court of appeals: Wilds v. Hudson River R. Co., 24 N. Y. 430; s. c., 29 N. Y. 315; Brown v. New York Cent. & H. R. R. Co., 34 N. Y. 404; Chapman v. New Haven R. Co., 19 N. Y. 341; Gonzales v. New York & H. R. Co., 38 N. Y. 440; Grippen v. New York Cent. & H. R. R. Co., 40 N. Y. 34; Nicholson v. Erie Ry. Co., 41 N. Y. 525; Owen v. Hudson River R. Co., 35 N. Y. 516; Ernst v. Hudson River R. Co., Id. 9; s. c., 39 N. Y. 61.