## Eliphalet Wood and others v. William Rice.

*Declaration: Obstructing stream: Dam.* A declaration averring a right to have a stream left to flow unobstructed in its natural course, from plaintiff's mill to its mouth, and averring damages from an obstruction as hindering such natural flow, will not support a claim for damages arising from building a dam, lawfully authorized, in such manner as to exceed the authority, and make the obstruction greater than it should have been. The injury complained of should have been averred as arising from the excess or insufficiency of the dam.

*Obstruction of the water course: Dam: Board of supervisors.* No one can lawfully complain of such an obstruction, or interference with a water course, as has been permitted, in conformity to law, by the consent of the proper authorities. The rights of the public, in the use of internal water-ways for the floatage of logs, are subject to the determination of the supervisors, who may, in the manner fixed by law, permit dams to be built according to such plans as they appprove; and the public use is limited by these conditions and cannot be described as a right to the use of the water in its natural flow.

*Heard April 4. Decided April 10.*

Error to Newaygo Circuit.

*E. L. Gray* and *Norris & Blair,* for plaintiffs in error.

No counsel appeared for the defendant in error.

CAMPBELL, J.

Rice sued plaintiffs in error for obstructing the Muskegon river so as to interfere with the free passage of his lumber. The first count in the declaration alleges the damage to have been caused by the unlawful maintaining of a dam, and various eddies, whirlpools and other mischiefs caused by it. The second count proceeds upon various obstructions to the natural flow of the stream, which it was alleged *"had theretofore run and flowed, and was accustomed to run and flow, and of right did run and flow, and still of right ought to run and flow freely,"* and complains of the obstructions as hindering and preventing the water-course from *"running and flowing freely and naturally,"* from plaintiff's mill (above the obstructions) to Lake Port (which was at the mouth of the river).

The injuries and obstructions are substantially identical

in both counts, as unlawful hinderances to the natural flow of the stream.

The case finds that on the hearing it was admitted that the dam complained of was erected at the point designated as obstructed, and that authority had been legally granted for the erection of a dam of the height and dimensions specified by the legislature and the board of supervisors. The evidence of damages was confined chiefly to injuries caused by the existence of the dam, and none of it distinguished between that and any other cause of damage.

We do not think any recovery could be had under this state of things. The declaration was based entirely on the unlawful obstruction of an open water-course,—not upon the excess or insufficiency of a dam authorized to be built of certain dimensions and in a certain way.

The supervisors, under the limitations fixed by the legislature, fix the dimensions and plans which they are willing to approve, and the only cause of grievance is the violation of those regulations. The authorities determine in their lawful discretion what accommodation is needed for convenience of floatage on these water-ways, as the proper authorities regulate by law, or otherwise, the dimensions and facilities of ways by land. The only obstruction which can be a grievance is an obstruction of the stream beyond that which they have legally permitted. The whole theory of the declaration is that the Muskegon river has been left in a state of nature, and cannot be lawfully obstructed at all. And the whole proof of damages set forth in the case rests on the same theory.

There seems to have been some conflicting evidence upon the condition of the dam and shute, but the estimate of damages is throughout on the general grounds, and there is nothing in the declaration to authorize an inquiry into the legal sufficiency of the dam or its appurtenances.

Most of the questions, concerning the measure of damages, were considered in the case of *Powers v. Irish, 23 Mich., 429;* but as the record stands there is no occasion to refer to them.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.