# Hooper *v.* Armstrong.

| 69 | 343 |
|----|-----|
| 97 | 637 |

*Bill in Equity to Enforce Vendor's Lien; Defense, Cross-bill Claiming Sets-off.*

1. *Notes for purchase-money of land; when sets-off allowed against.*—Where, contemporaneously with the execution of several notes for the unpaid purchase-money of land, an agreement in writing was entered into between the vendor and vendee, whereby the vendor agreed to furnish to the vendee a "complete chain of title to the land purchased," showing the vendor's clear right to convey the land, and for the performance of this promise it was stipulated that the notes should "be bound,"—*held*,

(*a*) That the damages resulting from the non-performance of the promise, whether regarded as liquidated or unliquidated, may be set-off, recouped, or deducted from the notes, the parties having so stipulated in their contract.

(*b*) That the notes having been made payable to a third party, at the vendor's request, without any consideration therefor moving from him, he takes them as a mere volunteer, and the agreement is binding on him.

2. *Special damages must be specially pleaded in equity as well as at law.*—The rule in actions at law for the recovery of special, as contradistinguished from general, damages, that such damages must be specially and circumstantially stated, so as to apprise the party from whom they are claimed of the facts relied on for a recovery, and so that the court may ascertain whether, upon the facts, there is a right to compensation,—is necessarily applicable to a cross-bill in equity claiming such damages as a set-off against the demand sought to be enforced by the original bill.

3. *Cross-bill claiming special damages as a set-off; when defective.*—An averment in a cross-bill claiming, as a set-off against the demand sought to be enforced in the original bill, *special* damages resulting from the breach of a contract between the complainant and defendant, where the *general* damages appear to be merely nominal, that the complainant had thereby "damaged the defendant up to this time more than two thousand dollars," and that his damage is continuous,—is the mere conclusion of the pleader, is insufficient and can not uphold the claim for special damages resulting from the breach.

4. *Bill in equity to enforce vendor's lien; a proceeding in personam; what sets-off allowable.*—A bill in equity to enforce the equitable lien of a vendor of lands, for the payment of the purchase-money, is not a proceeding *in rem*, but strictly a proceeding *in personam* for the enforcement of a debt or demand to which the lien is an incident; and in reduction or extinguishment of such debt or demand, the purchaser whose personal liability is sought to be enforced, may set off any debt or demand which would be the proper subject of set-off, if he were sued therefor in an action at law.

5. *Same; when bill filed by assignee.*—If the bill in such case is filed by an assignee, or by any other person than the real owner of the debt, he may have the benefit of sets-off acquired and held against the assignor before notice of the assignment, or the benefit of the defense, in the other case, he could have had against the real owner.

[Hooper v. Armstrong.]

6. *Set-off; benefit of, can be had against beneficial owner, though not a party.*—The benefit of a set-off can be had against the beneficial owner of the debt, although he is not a party to the record.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on the 25th of May, 1880, by Ella Armstrong, the appellee, against George W. Hooper, the appellant, and sought to enforce a vendor's lien on a lot of land situate in the City of Opelika, in this State, for an unpaid balance of purchase-money. The bill averred, that the complainant was "the owner and holder of four promissory notes, each bearing date the 4th day of March, 1874, and for two hundred and twenty-five dollars each," made by the defendant, and payable in three, six, nine and twelve months, respectively, to the complainant "by the name of Ella Bogia, which was, at the time the said notes were given, her name, but since then her name has been changed;" that the notes were given for the purchase-money of the lot described in the bill, which the defendant purchased from one Peter Bogia; that the latter executed a deed conveying the lot to the defendant; that the defendant was in possession, and that the notes were unpaid. It is not shown by the bill how or when the complainant acquired the notes.

The defendant filed an answer in the nature of a cross-bill under the statute, admitting the execution of the notes; setting up a breach by Peter Bogia of a certain agreement entered into between the defendant and Bogia contemporaneously with the execution of the notes, and seeking to set off damages alleged to have resulted therefrom against them. The provisions of this agreement, and the averments of the cross-bill as to its breach by Bogia and the damages claimed as suffered by Hooper, necessary to a proper understanding of the points decided by the court, are stated in the opinion. The cross-bill further averred, that when the notes were executed, they were, at the request of Peter Bogia, made payable to the complainant, and the complainant then endorsed on each note the words, "transferred to Peter Bogia," and signed her name thereto; that the complainant had no interest in the consideration, for which the notes were given, nor in the notes themselves, and that "said notes are, and have been since their date, the property of, and have been continuously in possession of the said Peter, and this suit is merely brought in the name of the said Ella to hinder and delay the creditors of said Peter," who, it is averred, was insolvent. The cross-bill further averred, that at the time said notes were executed, and at the time the original and cross-bills were filed in this cause, Peter Bogia was indebted to Hooper, on three several demands, which are particularly described and

[Hooper v. Armstrong.]

set forth in the cross-bill, and which are sought to be set off against the notes described in the original bill. The complainant in the original bill demurred to the cross-bill on the following grounds: 1. "The matters attempted to be set up as set-off in said cross-bill, can not be set up in a cross-bill in answer, as they do not grow out of the subject-matter of complainant's bill, and are not connected with the same." 2. "A set-off can not be pleaded to a foreclosure suit, this bill being to enforce a lien for purchase-money, and is a proceeding *in rem.*" 3. "The cross-bill shows, that all the matters attempted to be set up, were owned before the giving of the notes by the defendant, and are against Peter Bogia, and the notes were made payable to complainant, and such matters can not now be set off against these notes so made payable to the complainant." She also moved to dismiss the bill for want of equity. The chancellor was of the opinion that the cross-bill was without equity "as between the said Ella Armstrong and the said G. W. Hooper;" and he caused a decree to be entered sustaining the demurrer, and dismissing the "cross-bill as such," but retaining it "so far as it is an answer, admitting or denying the allegations of the bill of complaint;" and this decree is here assigned as error.

THOS. H. WATTS, Sr., SAM'L F. RICE, and J. M. CHILTON, for appellant.

W. H. BARNES & SON, *contra.*

BRICKELL, C. J.—The contract between Hooper and Bogia stipulates that the notes given by Hooper payable to the appellee, should "be bound for the performance on the part of the said Bogia of his part of the agreement." There was in the contract but two executory promises or covenants on the part of Bogia; the one is, that he would pay certain costs in a reasonable time, and this is accompanied with a stipulation that if he failed, Hooper, on paying them, should be entitled to a credit on the notes for the amount paid. The other stipulation is, that Bogia "should execute and deliver to said Hooper a full deed, with warranty, to said land, conveying and warranting full legal and equitable title, free from all incumbrances, and he agrees further to furnish said Hooper, within a reasonable time, with a complete chain of title to said land deeded, so as to show purchasers the clear right of said Bogia to make such conveyance." It is for the performance of this promise, by the terms of the contract executed cotemporaneously with the execution of the notes, the notes are to be bound. Whether the damages resulting from the non-performance of the promise, may be regarded as liquidated or unliquidated, is not mate-

rial, the parties having by the contract, in effect, stipulated that they should be set off against, recouped, or deducted from the notes. The stipulation is binding on the appellee, to whom the notes were made payable at the request of Bogia, and who takes them as a mere volunteer.

The breach of the stipulation for which compensation is claimed by the cross-bill, is the failure of Bogia to furnish the chain of title, and it is averred that the failure "has damaged the defendant up to this time more than two thousand dollars, and this defendant's damage from that failure is continuous." There is no averment that there was any defect in the title of Bogia to the premises, nor that he has failed to execute a conveyance with the proper covenants of warranty. A bill in equity, whether it be an original bill or a cross-bill, must state with clearness and certainty the facts upon which the right to relief is founded; for no facts are properly in issue unless stated, and no evidence can be received, and no relief granted, upon facts not stated. A cross-bill, claiming a set-off, must disclose a state of facts showing that the complainant, or the demand he seeks to enforce, is subject to a set-off, and the facts from which the amount of the set-off can be ascertained. It may be that from the mere failure of Bogia to furnish the chain of title, the law would imply or presume nominal damages, "some very small sum, as a farthing, a penny or a sixpence," but these are too insignificant to fall within the jurisdiction of a court of equity. It is not mere nominal damages the bill proposes to set-off against the notes, but special damages it is intended to claim; and yet not a fact is stated, from which the court can pronounce that any such damage has accrued; not a fact the complainant can controvert. The averment that damages to the amount of two thousand dollars have resulted, is the conclusion of the pleader from facts which may be known to him, but which are not stated so that the complainant can controvert them, if the court was of opinion they justified the conclusion. In actions at law for the recovery of damages, if they are special, as contradistinguished from general damages; if they are not such as may be presumed necessarily to result from the breach of the contract, it is necessary to state them specially and circumstantially, that the party from whom they are claimed may be apprised of the facts intended to be proved, and that the court may ascertain, whether, upon the facts, there is a right to compensation.—1 Chit. Plead. 371. The same rule is necessarily applicable to a pleading in equity, asserting a claim to such damages.

A bill in equity for the foreclosure of a mortgage, or a bill to enforce the equitable lien of a vendor of lands for the payment of the purchase-money, is not a proceeding *in rem*. It

is strictly a proceeding *in personam* for the enforcement of a debt or demand, to which the lien or mortgage is an incident, and the decree rendered binds only parties and privies.—*Boykin v. Rain*, 28 Ala. 332. In reduction or extinguishment of the mortgage debt, the mortgagor or the purchaser, whose personal liability is sought to be enforced, may set off any debt or demand, which would be the proper subject of set-off, if he were sued for the debt or demand in an action at law. And if the bill is filed by an assignee, or by any person other than the real owner of the debt, he may have the benefit of sets-off acquired and held against the assignor before notice of the assignment, or the benefit of the defense in the other case, he could have had against the real owner of the debt.—2 Jones on Mort. §§ 1496–97; Waterman on Set-off, § 97.

The several claims against Bogia, it is averred the appellant holds, are legal demands and were acquired and held by him prior to the making of the notes payable to the appellee, and prior to the making of the agreement by which the appellant expressly stipulated the lands should be bound for the payment of the notes, excepting such parts thereof as had been, or might thereafter be sold by the appellant. It is a little difficult to conceive what good reason there could have been for the execution of the notes, payable to a stranger, accompanied with a charge or lien on lands for their payment, while Bogia, from whom the consideration moved, was indebted to the appellant in a sum equal to the amount of the notes. Why, if these claims existed and were intended to be set'off, was there not at once a settlement, instead of the giving of notes and the creation of a lien for their payment? If it were not for the averments of the cross-bill, that the appellee subsequently endorsed the notes to Bogia and that he is now the real holder and owner of them, we would incline to the opinion that by his own voluntary act, the appellant had waived the right to set off against these notes any claim or demand he had against Bogia. The making of the notes payable to the appellee was an admission that the money was rightfully owing to her, and not to Bogia. In her own right, an original, not derivative right, she could have demanded payment—not as the assignee or transferee of Bogia, but because of the direct promise to her.

To make a set-off available, the plea must show that the plaintiff is liable for its payment, or that he claims as indorsee or assignee, through and from some party on whom such liability rests.—*Holmes v. Bullock*, 4 Ala. 228. The cross-bill, however, contains averments that the notes have been endorsed to Bogia, and are now held and owned by him. Assuming the truth of these averments, as must be assumed on demurrer, the sets-off were properly pleaded. Against the party having the

real beneficial interest in the debt, though not a party to the record, a set-off is pleadable.—*Bowen v. Snell*, 9 Ala. 481. The demurrer to so much and such parts of the cross-bill as pleaded these sets-off, ought not to have been sustained.

Let the decree be reversed and the cause remanded for further proceedings in conformity to this opionion.