[Mayor and Aldermen of Birmingham v. Coleman.]


# Mayor and Aldermen of Birmingham v. Coleman.

### Suit against City for Personal Injuries:

1. *Appeals; insufficiency of abstract; when rulings upon the plead-ings can not be reviewed.*—On an appeal, the abstract showed that the demurrer was sustained to the first, second, third and fourth counts of the complaint, but without showing that these counts were amended or what disposition was made of them, it recites that the plaintiff by leave of the court added counts five and six, which are not set out. The abstract then stated that "the fifth count of the complaint alleges about the same state of facts as was alleged in the first, second, third and fourth, and further alleges," &c ; and that the sixth count "was almost identical in terms with the fifth, except it alleges," &c. *Held:* That upon the assignments of error calling in question the rulings of the court as to the demurrers, the abstract was insufficient to authorize the review of such ruling.

2. *Action for personal injuries; misjoinder of actions; statute of limi-tations.*—In an action against a city and a certain company, for injur-ies caused by a defective bridge, where, in the complaint, as original-ly filed the plaintiff alleged negligence on the part of the city in not repairing the bridge as was its duty imposed by law, and in the counts added by amendment, after setting out the injury and the cause thereof which was the same as originally averred, it was al-leged that it was the city's duty, by virtue of a contract with said company to repair the bridge, but neither the contract nor any pro-vision of it was set out in the amended complaint, nor was it shown by the abstract, the abstract is insufficient to show affirmatively a misjoinder of causes of action, or a departure in the cause of action, so as to authorize the successful interposition of the statute of limi-tations.

APPEAL from the Circuit Cou t of Jefferson.

Tried before the Hon. M. A. MASON, Special Judge.

This was an action brought by the appellee, John W. Coleman, against the Mayor and Aldermen of Birming-ham a municipal corporation, and the Elyton Land Com-pany ; and sought to recover damages for injuries sustain-ed by the plaintiff, by reason of falling through a hole in a bridge used as a public highway in the city of Birming-ham ; it being alleged that by a contract between the de-

fendants, the Elyton Land Company was required to construct a bridge on 22d street in the city of Birmingham, across the railroad tracks, and to keep said bridge and walk ways in good repair, and that it became the duty of the Mayor and Aldermen of Birmingham and of the Elyton Land Company to keep said bridge in good condition, but that this duty had been disregarded, and that by reason of the bridge being in a defective condition, the plaintiff sustained the injuries complained of. Under the opinion in this case, it is unnecessary to set out the facts in detail.

There were verdict and judgment for the plaintiff against the Mayor and Aldermen of Birmingham, assessing his damages at $1,000. The issues were found in favor of the defendant, the Elyton Land Company. The Mayor and Aldermen of Birmingham appeal from this judgment, and assign as error the several rulings of the trial court to which exceptions were reserved.

ALEX T. LONDON, for appellant.

ARNOLD & EVANS and J. W. BUSH, *contra.*

COLEMAN, J.—The abstract filed in this case is indefinite, confused and unsatisfactory. It shows that defendant's demurrer was sustained to the first, second, third and fourth counts of the complaint. It does not show that these counts were amended, or any other disposition made of them, and yet the demurrant, appellant here, has assigned as error the ruling of the court relative to those counts. The abstract shows that the plaintiff by leave of the court, added counts five and six. These counts are not set out. As to the fifth count, the abstract is as follows : "The fifth count of the complaint alleges *about* the same state of facts as alleged in the first, second, third and fourth counts, and further alleges" &c ; here follows the additional averment. We have italicized the word "about." The first, second, third and fourth counts, while containing some averments, which are the same, each contained different averments and it is difficult to conceive of a single count which contains substantially all the facts found in these four counts. We cannot say what the pleader intended by the use of the word "about," or what averments in

these counts were retained and in what respect, if any, they were changed. The word "about" is too indefinite to give the mind a satisfactory understanding of what the complaint contained.—*Ala. Gr. So. R. R. Co. v. Arnold*, 84 Ala. 168.

The statement in the abstract as to the 6th count is subject to the same criticism. It says the sixth count is *almost* identical in terms with the fifth except it alleges &c. These counts refer to a contract and aver certain duties of the defendant growing out of this contract. The contract nowhere appears in terms in the abstract, nor does it undertake to state substantially any fact, duty or obligation imposed by the contract. It is impossible for the court to consider satisfactorily the assignments of error. Again, after undertaking to give a statement of the facts in the case, followed by the statement, "this was substantially all the evidence," we have under the head of exceptions, the rulings of the court admitting other evidence against the objection of the defendant, which additional evidence does not appear in the "statement of the facts of the case." The rulings of the court upon the pleas are equally confused.

The plaintiff sued to recover damages for injuries sustained by falling through a hole in a bridge in the city of Birmingham. It averred the negligence of the defendant, the Mayor and Aldermen of the City of Birmingham, in not repairing the bridge. This we understand to be the duty imposed by law. By an additional everment, after setting out the injury, and the cause, the complaint averred, that it was the duty of the defendant, by virtue of a contract with the Elyton Land Company, to repair the bridge. In both counts the injury was the same, and the cause of the injury the same. In one count the duty to repair was imposed by law, in the other by contract. The abstract is insufficient to show affimatively a misjoinder of causes of action, or a departure in the cause of action, so as to authorize a successful interposition of the plea of the statue of limitations of one year.—*Insurance Co. v. DeJarnette, ante.* p. 248.

Whether there was a joint liability of the city and the Elyton Land Company, growing out of the contract, would depend entirely upon the provisions of the contract. No provision of the contract is stated in the abstract. Neither can we determine the relevancy or

[Alexander v. Moore & Kornegay.]

irrelevancy of the evidence to which exceptions were reserved, were we disposed to consider them. The judgment is affirmed.